J-S45044-25

2026 PA Super 87

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
:  PENNSYLVANIA
:
v.  :
:
:
:
TYRELL GILES  :
:
Appellant  :  No. 967 MDA 2025

Appeal from the PCRA Order Entered June 17, 2025
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0000992-2020

BEFORE:  STABILE, J., MURRAY, J., and FORD ELLIOTT, P.J.E.[*]

OPINION BY FORD ELLIOTT, P.J.E.:  **FILED: APRIL 28, 2026**

Appellant, Tyrell Giles, appeals from the denial of relief on his *nunc pro tunc* petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. § 9541, *et seq.* (PCRA), collaterally challenging his convictions of two counts of aggravated assault, and one count each of recklessly endangering another person and possessing an instrument of crime.[1] After a hearing, the PCRA court found that Appellant's single claim of ineffective assistance of trial counsel, for not objecting to evidence that he was on state parole at the time he committed a knifepoint assault, had no arguable merit. We affirm because the *nunc pro tunc* petition was untimely and no exceptions applied to permit the PCRA court to entertain the claim raised in the petition.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2702(a)(1), 2702(a)(4), 2705, and 907(a), respectively.

The facts established at Appellant's criminal trial are irrelevant to our disposition of this appeal. In sum, Appellant was charged in connection with the stabbing of another man in a gas station lot, which was caught on surveillance camera video. The jury found Appellant guilty on all counts. The trial court sentenced him to an aggregate term of eleven and one-half to twenty-five years' imprisonment.

Appellant filed a timely appeal raising seven issues. This Court affirmed the judgment of sentence by an unpublished memorandum decision filed on December 21, 2022. **See Commonwealth v. Giles**, 290 A.3d 696 (Pa. Super., 2022) (table) (227 MDA 2022). Appellant did not file a petition for allowance of appeal to our Supreme Court.

On February 26, 2024, through counsel, Appellant filed a PCRA petition seeking acceptance of the petition *nunc pro tunc*. **See** Appellant's Petition for Post-Conviction Relief *Nunc Pro Tunc*, 2/26/24. On the front page of the petition, counsel admitted that he was *per se* ineffective: he wrote the petition; submitted it to Appellant for review; and neither ascertained whether Appellant received the petition nor remained cognizant of the one-year filing date for the petition. **See id.**, ¶¶ 1-8. On March 1, 2024, the PCRA court denied the petition. **See** PCRA Court Order, 3/1/24. The order informed Appellant that he had thirty days to file an appeal, but no appeal was filed.

Instead, on October 25, 2024, Appellant, through new PCRA counsel, filed a second PCRA petition. **See** Appellant's PCRA Petition, 10/25/24 ("Second PCRA Petition"). In the Second PCRA Petition, Appellant averred that

his first petition was denied as untimely but that the second petition was "timely filed" pursuant to **Commonwealth v. Bradley**, 261 A.3d 381, 401 (Pa. 2021), as this was his "first opportunity" to raise a claim of first PCRA counsel's ineffectiveness. **See** Appellant's Second PCRA Petition, ¶¶ 7, 10, 14. The claim raised against first PCRA counsel was that he "failed to protect [Appellant's] right to a [PCRA] petition as requested … by failing to file a timely petition and thus leaving [Appellant] without means to properly raise a claim of ineffective assistance of trial counsel." **Id.**, ¶12(a). On November 1, 2024, the PCRA court granted Appellant permission to file a PCRA petition *nunc pro tunc*. **See** PCRA Court Order, 11/1/24.

On November 26, 2024, Appellant filed a *nunc pro tunc* PCRA petition. **See** Appellant's PCRA Petition *Nunc Pro Tunc*, 11/26/24 (the instant petition). In the instant petition, Appellant alleged ineffective assistance of trial counsel for failing to object to testimony that he was on state parole. **See id.**, ¶¶ 42-52. Specifically, he alleged that Sergeant Uhrich testified that Appellant's "state parole agent helped identify [him] in the video of the altercation with" the victim, and that Justin Stehr, his parole agent, testified that Appellant was on state parole at the time, the accusations would violate parole, and that he attempted to contact Appellant on July 17, 2020, about the incident but was unable to make contact. **Id.**, ¶¶ 42-43. He argued further that the testimony that he was on parole was "evidence of other crimes," which was highly prejudicial and of "no probative value." **Id.**, ¶ 46-47. He argued further that the evidence "was not indicative of consciousness of guilt as [he] turned

himself in to police only three days after the incident occurred and there is no proof as to when [he] was aware of the arrest warrant." *Id.*, ¶ 49. He alleged that trial counsel did not object to the evidence, had no reasonable basis for not objecting, and the failure to object prejudiced him at trial. *See id.*, ¶¶ 51-52.[2]

The PCRA court granted an evidentiary hearing. *See* PCRA Court Order, filed 12/4/24. At the hearing, Appellant confirmed that he was on state parole at the time of the incident and that his parole agent testified at trial. *See* N.T. PCRA Hearing, 3/24/25, 4-5. He also testified that he turned himself in on July 19 to the police, and when the police showed him the video of the incident, he identified himself in the video. *See id.*, 5-6. He also testified that he asked counsel to object to his state parole agent testifying, but that counsel said he would not because "he didn't want to make the DA mad." *Id.*, 6. Trial counsel testified that he had been a criminal defense attorney in excess of twenty-five years. *See id.*, 13. He explained that he was based in Reading, Pennsylvania and did not often work in Lebanon County. *See id.,* 17-18. He directly denied electing to not object to evidence because of any concern about upsetting the Commonwealth's attorney. *See id.*, 18. Counsel explained that part of his argument to the jury was that Appellant had cooperated with the police and,

---

[2] Appellant also alleged trial counsel's ineffective assistance by failing to object to testimony concerning the contents of the video evidence. *See* Appellant's PCRA Petition *Nunc Pro Tunc*, 11/26/24, ¶¶ 54-58. Appellant has not raised this additional claim on appeal.

rather than hide and avoid the warrant, he went "forthwith to the police." *Id.*, 16. He did not recall any specific conversation with Appellant about the parole agent's testimony but they "talked about a lot of things." *Id.*, 17. He did not believe that a jury of non-lawyers would necessarily infer from the involvement of a state parole agent that Appellant "had a prior criminal record serious enough to get him on state parole." *Id.*, 20.

The PCRA court permitted the parties to file briefs, which were timely filed. *See* PCRA Court Order, filed 3/25/24. On June 17, 2025, the PCRA court filed an order denying relief and an opinion explaining its reasons. The order states that, "upon consideration of [Appellant's PCRA Petition], the evidence adduced at the hearing …, and the [b]riefs submitted by the parties … that said Petition is DENIED as [Appellant] is not eligible for any collateral relief afforded by the PCRA." PCRA Court Order, filed 6/17/25. The opinion explains that the evidence was admissible to explain Appellant's consciousness of guilt by avoiding the parole agent's "numerous attempts to contact him," and the admission of the evidence "was not unduly prejudicial" as his prior crimes were not revealed, "and the outcome of this case would not have differed had [counsel] raised an objection." PCRA Court Opinion, 6/17/25, 9-10.

Appellant filed a timely notice of appeal and, in response to the PCRA court's order, a statement of errors complained of on appeal. *See* Appellant's Notice of Appeal, 7/15/25; PCRA Court's Amended Order, 8/6/25; Appellant's Concise Statement of Errors Complained of on Appeal, 8/15/25; Pa.R.A.P. 1925(b).

In this appeal, appellant raises a single claim:

Whether the PCRA Court erred in denying Appellant's Amended PCRA Petition where trial counsel rendered ineffective assistance of counsel in failing to challenge the Commonwealth's presentation of evidence that Appellant was on state parole at the time of the incident?

Appellant's Brief, 5.

When reviewing an order denying a PCRA petition, we examine whether the determination of the PCRA court is supported by the record and free of legal error. *Commonwealth v. Drummond*, 285 A.3d 625, 633 (Pa. 2022). We "consider the record in the light most favorable to the prevailing party at the PCRA level," and "grant great deference to the PCRA court's findings that are supported in the record." *Commonwealth v. Diaz*, 183 A.3d 417, 421 (Pa. Super. 2018) (internal quotation marks and citations omitted). Our standard of review of a PCRA court's legal conclusions, however, is *de novo*. *Commonwealth v. Johnson*, 289 A.3d 959, 979 (Pa. 2023).

"Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA petition was timely filed." *Commonwealth v. Brown*, 141 A.3d 491, 499 (Pa. Super. 2016) (citation omitted). "The timeliness requirement for PCRA petitions is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition." *Id.* (quotation marks and citation omitted); *see also Commonwealth v. Fantauzzi*, 275 A.3d 986, 994 (Pa. Super. 2022) ("the timeliness of a PCRA petition is jurisdictional and [] if the petition is untimely, courts lack jurisdiction over the petition and

cannot grant relief"); ***Commonwealth v. Callahan***, 101 A.3d 118, 121 (Pa. Super. 2014) ("As a threshold jurisdictional matter, however, the timeliness of the PCRA petition must be addressed") (citation omitted).

Further, "to confirm proper jurisdiction, it is appropriate for an appellate court to consider *sua sponte* the timeliness of a PCRA petition[.]" ***Commonwealth v. Reid***, 235 A.3d 1124, 1143 (Pa. 2020); ***see also Commonwealth v. Yarris***, 731 A.2d 581, 587 (Pa. 1999) ("Because the timeliness implicates our jurisdiction, we may consider the matter *sua sponte*") (citation omitted). The timeliness of a PCRA petition is a question of law, and therefore "our standard of review is *de novo* and our scope of review is plenary." ***Callahan***, 101 A.3d at 121.

A PCRA petition, including a second or subsequent petition, must be filed within one year of the date that judgment of sentence becomes final. ***See*** 42 Pa.C.S. § 9545(b)(1). A judgment becomes final for purposes of the PCRA "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The "period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only if the PCRA permits it to be extended, *i.e.*, by operation of one of the statutorily enumerated exceptions to the PCRA time-bar." ***Commonwealth v. Ali***, 86 A.3d 173, 177 (Pa. 2014) (internal quotation marks and citation omitted). Additionally, for a second or subsequent PCRA petition, the petitioner must

make "a strong *prima facie* showing that a miscarriage of justice may have occurred." ***Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1267 (Pa. 2008); ***see also Commonwealth v. Lawson***, 549 A.2d 107, 112 (Pa. 1988).

Because this Court affirmed Appellant's judgment of sentence on December 21, 2022, and he did not appeal that decision, it became final on January 20, 2023, following the expiration of the thirty-day period for filing a petition for allowance of appeal to our Supreme Court. ***See*** Pa.R.A.P. 1113(a); 42 Pa.C.S. § 9543(b)(3). Appellant therefore had one year from that date to file a timely PCRA petition. ***See*** 42 Pa.C.S. § 9545(b)(1). As he did not file the instant PCRA petition until November 26, 2024, it was facially untimely.

"If a PCRA petition is untimely filed, the jurisdictional time-bar can only be overcome if the petitioner alleges and proves one of the three statutory exceptions, as set forth in 42 Pa.C.S.A. § 9545(b)(1)." ***Fantauzzi***, 275 A.3d at 996. The statutory exceptions are colloquially known as exceptions for governmental interference, a newly-discovered fact, or a newly-recognized constitutional right which applies retroactively. ***See*** 42 Pa.C.S. § 9545(b)(1). Moreover, Appellant had to plead and prove that he filed his petition within one year of the date any claims for application of the statutory time-bar exceptions "could have been presented." 42 Pa.C.S. § 9545(b)(2). "We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Marshall***, 947 A.2d 714, 719 (Pa. 2008).

Here, Appellant did not set forth any of the statutory exceptions to the PCRA time-bar, much less attempt to prove any of them, in either his petition seeking *nunc pro tunc* relief, the Second PCRA Petition, or in his *nunc pro tunc* PCRA petition, the instant petition. Instead, the PCRA court granted Appellant *nunc pro tunc* relief to file the untimely instant petition without stating a reason. **See** PCRA Court Order, 11/1/24. The PCRA court's order was in response to Appellant's averment in the Second PCRA Petition that a *nunc pro tunc* petition would be timely, although his first was not, because it would be Appellant's "first opportunity" to raise a claim of first PCRA counsel's ineffectiveness pursuant to **Commonwealth v. Bradley**, 261 A.3d 381, 401 (Pa. 2021).[3] **See** Appellant's Second PCRA Petition, ¶¶ 7, 10, 14. This was not adequate to surmount the PCRA time bar, and therefore the grant of *nunc pro tunc* relief was erroneous.

This Court has held that:

> **Bradley** does not create an exception to the PCRA's jurisdictional time-bar. In a similar vein, we have opined that **Bradley** did not assert a new constitutional right which applies retroactively. Furthermore, this Court has continually declined to extend the holding of **Bradley** to cases involving untimely petitions.

---

[3] We are, for the purposes of determining our jurisdiction, assuming that first PCRA counsel was *per se* ineffective as he averred. **See** Appellant's Petition for Post-Conviction Relief *Nunc Pro Tunc*, 2/26/24, ¶¶ 1-8. The claim raised against first PCRA counsel in the Second PCRA Petition was that he "failed to protect [Appellant's] right to a [PCRA] petition as requested … by failing to file a timely petition and thus leaving [Appellant] without means to properly raise a claim of ineffective assistance of trial counsel." Appellant's Second PCRA Petition, 10/25/24, ¶12(a).

*Commonwealth v. Pridgen*, 305 A.3d 97, 102 (Pa. Super. 2023), *appeal denied*, 318 A.3d 97 (Pa. 2024) (internal quotation marks, citations, and footnote omitted) (collecting unpublished memorandum decisions declining to extend *Bradley* to cases involving untimely PCRA petitions).

Our Supreme Court recently rejected the argument, implicit in Appellant's Second PCRA Petition, that the:

> … decision in *Bradley* extends (or must be extended) to include the opportunity to challenge prior PCRA counsel's effectiveness in a serial PCRA petition, even if it is untimely. However, we agree with the Commonwealth that not only did *Bradley* say no such thing, but that the rationale of that decision cannot be extended to circumvent the PCRA's jurisdictional time-bar.

*Commonwealth v. Laird*, 331 A.3d 579, 594 (Pa. 2025). In *Laird*, the Court adopted as the controlling rule the statement from the concurring opinion in *Bradley* that that decision "did not create an exception to the PCRA's jurisdictional time-bar, such that a petitioner represented by the same counsel in the PCRA court and on PCRA appeal could file an untimely successive PCRA petition challenging initial PCRA counsel's ineffectiveness because it was his first opportunity to do so," *Laird*, 331 A.3d at 597 (quoting *Bradley*, 261 A.3d at 406 (Dougherty, J., concurring)) (internal quotation marks omitted). The Court further stated:

> …it is well-settled under our precedent that the PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act. … *Bradley* did not create an exception to the PCRA's time-bar, and we expressly decline to create one today. Although we recognize that the approach we adopted in *Bradley* is far from perfect, only the General Assembly has the

power to create timeliness exceptions for this or any other conceivable circumstance in which vindication of the rule-based right to PCRA counsel may be subject to inequity due to the PCRA's time-bar."

*Laird*, 331 A.3d at 597-598 (internal citations omitted).

Accordingly, the stated basis for which Appellant asserted his PCRA petition could be reviewed by the PCRA court was erroneous. **See Laird**, 331 A.3d at 598; **Pridgen**, 305 A.3d at 102. It follows that the instant petition, which also was facially untimely and did not assert *any* exception to the PCRA time-bar, should not have been reviewed at all but summarily denied as also untimely filed. Because it was Appellant's burden to plead and prove an exception to the PCRA time-bar, we may affirm the PCRA court's denial of PCRA relief on that basis. **See Commonwealth v. Truong**, 36 A.3d 592, 593 n.2 (Pa. Super. 2012) (*en banc*) (an appellate "court may affirm for any reason, including such reasons not considered by the lower court").[4]

_____

[4] We acknowledge that in affirming the PCRA court's denial of relief on a different basis, we are, in some sense, reversing the PCRA's grant of partial relief in permitting a *nunc pro tunc* petition. We have therefore considered whether there may have been an unasserted basis to permit that limited relief but determined there was none. The closest analogy is the rule adopted in **Commonwealth v. Bennett**, 930 A.2d 1264, 1272-74 (Pa. 2007), that counsel's failure to perfect Bennett's appeal from the denial of his first PCRA petition constituted abandonment by that counsel and could thereby serve as a newly discovered fact for purposes of section 9545(b)(1)(ii) (newly discovered facts exception). In so holding, the Supreme Court distinguished Bennett's claim of counsel's abandonment from those claims of ineffectiveness that simply "narrowed the ambit of appellate review," and would not fall within the purview of Section 9545(b)(1)(ii). **Id.** at 1263. Notably, the Supreme Court remanded the matter in **Bennet** for a hearing where appellant could prove, under Section 9545(b)(1)(ii), that counsel's failure was both unknown
*(Footnote Continued Next Page)*

We therefore conclude that Appellant's Second PCRA Petition, in which he sought *nunc pro tunc* relief to file the instant petition, was facially untimely for which no exceptions to the PCRA time-bar applied, and should have been denied as such. Consequently, *nunc pro tunc* relief should not have been granted to permit the filing of the instant petition, which also was untimely and in which Appellant neither alleged nor proved that an exception to the jurisdictional time-bar applied to permit review of his underlying allegation of trial counsel's ineffective assistance. Accordingly, we affirm the denial of relief on the instant PCRA petition, albeit on grounds different than the PCRA court, which had denied relief on the merits.[5]

---

to him and could not have been discovered through the use of due diligence. *See id.* at 1274.

Here, Appellant's *nunc pro tunc* claim in the Second PCRA Petition nominally met the **Bennett** criteria in that he alleged first PCRA counsel was *per se* ineffective and thereby "failed to protect [Appellant's] right to a [PCRA] petition as requested … by failing to file a timely petition and thus leaving [Appellant] without means to properly raise a claim of ineffective assistance of trial counsel." Appellant's Second PCRA Petition, ¶12(a). However, he did not assert either **Bennett** or the newly-discovered fact exception to the PCRA time-bar. In addition, Appellant neither alleged nor demonstrated that counsel's ineffectiveness was unknown to him or could not have been discovered through due diligence. As these are necessary elements to demonstrate that first PCRA counsel's abandonment was a newly-discovered fact permitting review of the instant petition under **Bennett**, we find that the grant of *nunc pro tunc* relief would have been erroneous on this ground as well, as it was Appellant's burden to prove that an exception applied to permit review of the Second PCRA Petition and the instant petition. **Marshall**, 947 A.2d at 719.

[5] After a full hearing, the PCRA court found that Appellant had not proven there was arguable merit to the claim underlying his allegation of ineffective
*(Footnote Continued Next Page)*

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/28/2026

---

assistance of trial counsel. The evidence of his parole status was limited and relevant to his consciousness of guilt, so an objection would have been overruled. **See** PCRA Court Opinion, 9-10. In addition, Appellant did not demonstrate actual prejudice. **Id.**, 10 ("Any objection would have been futile and the outcome of this case would not have differed had he raised an objection").