J-S07027-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| ROBERT EDWARD ZAGATA | : | |
| Appellant | : | No. 1390 MDA 2025 |

Appeal from the PCRA Order Entered September 22, 2025
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0001586-2021

BEFORE: BOWES, J., OLSON, J., and BENDER, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED: JUNE 18, 2026**

Appellant, Robert Edward Zagata, appeals from the order entered on September 22, 2025, dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. On appeal, Appellant's counsel has filed both a petition for leave to withdraw as counsel and an accompanying brief pursuant to **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).[1] We

---

[1] A brief filed pursuant to **Anders v. California**, 386 U.S. 738 (1967), is the proper filing when attempting to withdraw from representation on direct appeal, whereas counsel seeking to withdraw from PCRA representation should file a letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*); **see also** Pa.R.A.P. 1925(c)(4) ("If counsel intends to seek to withdraw in a criminal case pursuant to **Anders**/**Santiago** or if counsel intends to seek to withdraw in a post-conviction relief appeal pursuant to **Turner**/**Finley**, counsel shall file of record and serve on the judge a statement of intent to withdraw in *lieu* of filing a Statement."). This Court, nevertheless, will accept
*(Footnote Continued Next Page)*

conclude that Appellant's counsel has complied with the procedural requirements necessary to withdraw. Moreover, after independent review of the record, we conclude that the PCRA court lacked jurisdiction, without an enumerated timeliness exception, and the instant appeal is without merit. Therefore, we grant counsel's petition for leave to withdraw and affirm the PCRA court's order.

We previously summarized the facts of this case as follows:

Shana Stefanick, a director at an inpatient drug and alcohol rehabilitation facility named the Silver Pines Treatment Center ("Silver Pines"), met [Appellant] when he was a patient at Silver Pines in the summer of 2018. After [Appellant] was discharged, he showed up at Silver Pines looking for Stefanick, then attempted to call and text Stefanik, and subsequently wrote what can only be described as very disturbing letters to Stefanick from prison. Stefanick contacted the police, and [Appellant] was ultimately charged with two counts of stalking, one count of terroristic threats and two counts of harassment.

*Commonwealth v. Zagata*, 297 A.3d 744, at *1 (Pa. Super. 2023) (non-precedential decision).

On June 14, 2022, a jury convicted Appellant of one count of stalking, one count of terroristic threats, and one count of harassment.[2] On August 2, 2022, the trial court sentenced Appellant "to 12 to 24 months' incarceration for the stalking conviction, a concurrent term of six to 12 months' incarceration for the terroristic threats conviction, and a consecutive

counsel's *Anders* brief instead of a *Turner*/*Finley* letter, "because an *Anders* brief provides greater protection to the defendant[.]" *Commonwealth v. Fusselman*, 866 A.2d 1109, 1111 n.3 (Pa. Super. 2004).

[2] 18 Pa.C.S.A. §§ 2709.1(a)(2), 2706(a)(1), and 2709(a)(4), respectively.

12-month probationary term for the harassment conviction." *Id.* at *2. In a non-precedential decision filed on April 24, 2023, this Court remanded for resentencing on Appellant's stalking and terroristic threats convictions, having determined that his harassment conviction merged with his stalking conviction for sentencing purposes. *Id.* at 3. On July 18, 2023, the trial court resentenced Appellant to 12 to 24 months of incarceration followed by 12 months of probation for stalking, together with a concurrent term of six to 12 months of incarceration for terroristic threats. N.T., 7/18/2023, at 6. Appellant did not appeal.

On May 14, 2024, Appellant filed a *pro se* PCRA petition alleging that trial counsel was ineffective for not objecting to a witness' trial reference to Appellant's imprisonment and for allowing Appellant to attend jury selection in prison attire. The trial court appointed PCRA counsel, who subsequently petitioned to withdraw on July 1, 2024. On July 2, 2024, the trial court issued notice of its intent to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907 and granted PCRA counsel's motion to withdraw. On July 23, 2024, the PCRA court entered an order dismissing Appellant's first PCRA petition. Appellant did not appeal.

On August 25, 2025, Appellant filed a subsequent, *pro se* PCRA petition alleging the ineffective assistance of trial counsel. The PCRA court dismissed

Appellant's PCRA petition by order entered on September 22, 2025. This timely appeal resulted.[3]

As briefly mentioned, on appeal, Appellant's counsel filed a petition for leave to withdraw and accompanied this petition with an *Anders* brief. *See* n.1 *supra*. Before reviewing the merits of this appeal, we first determine whether counsel has fulfilled the necessary procedural requirements to withdraw as counsel. *Commonwealth v. Miller*, 715 A.2d 1203, 1207 (Pa. Super. 1998).

This Court has stated:

Counsel petitioning to withdraw from PCRA representation must proceed not under *Anders* but under [*Turner*/*Finley*]. Similar to the *Anders* situation, *Turner*/*Finley* counsel must review the case zealously. *Turner*/*Finley* counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

---

[3] On October 3, 2025, Appellant filed a *pro se* notice of appeal. Appellant applied for counsel through the Public Defender's Office. On November 5, 2025, current counsel entered her appearance on behalf of Appellant. On November 26, 2025, the PCRA court directed counsel to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Counsel filed a statement of her intent to withdraw pursuant to Pa.R.A.P. 1925(c)(4) on December 4, 2025. On November 14, 2025, the PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a).

If counsel fails to satisfy the foregoing technical prerequisites of *Turner*/*Finley*, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper *Turner*/*Finley* request or an advocate's brief.

However, where counsel submits a petition and no-merit letter that do satisfy the technical demands of *Turner*/*Finley*, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief. By contrast, if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

It is thus apparent that *Anders* and *Turner*/*Finley* are close cousins, bearing similarities in that counsel is required to examine the record, present issues, and request permission to withdraw. However, there are also significant differences. *Anders* applies to direct appeals; *Turner*/*Finley* applies to PCRA cases. *Anders* counsel is not permitted to withdraw unless the appeal is wholly frivolous, but *Turner*/*Finley* counsel is permitted to do so if the case lacks merit, even if it is not so anemic as to be deemed wholly frivolous. Also, *Anders* counsel must not argue against the client's interests while *Turner*/*Finley* counsel must do so, articulating why the client's claims have no merit.

The heightened protection afforded to *Anders* appellants as compared to *Turner*/*Finley* petitioners/appellants arises because the right to counsel on direct appeal and the right to the direct appeal itself are constitutional ones. By comparison, a first-time PCRA petitioner's right to counsel is born of rule, namely Pa.R.Crim.P. 904(C), and that right does not spring from the federal or state constitutions.

*Commonwealth v. Wrecks*, 931 A.2d 717, 721–722 (Pa. Super. 2007)

(internal case citations omitted).

Here, counsel complied with all of the above procedural obligations.[4]
We must, therefore, review the entire record and determine whether there
are any meritorious issues.  PCRA counsel presents the following issue for our
review:

> I.      Should appellate counsel be granted leave to withdraw as
>         counsel because any appellate issues in the instant case are
>         frivolous?

**Anders**' Brief at 4.

In this case, PCRA counsel recognizes that "[Appellant's] latest PCRA
[petition] is the source of the [current] appeal" and it "was dismissed as
untimely since it was [Appellant's] second PCRA" petition and was "not filed
within one year" of the date that Appellant's judgment of sentence became
final.  **Id.** at 8.   Moreover, PCRA counsel "found no applicable statutory
exceptions" to the PCRA's one-year time requirement pursuant to 42 Pa.C.S.A.
§ 9545(b)(1).  **Id.**   As such, PCRA counsel agrees with the PCRA court's
determination that there was no jurisdiction to entertain Appellant's untimely
PCRA petition.  **Id.**

---

[4]   PCRA counsel sent Appellant a copy of the "no-merit" letter/brief; (2) a
copy of counsel's petition to withdraw; and (3) a statement advising Appellant
of the right to proceed *pro se* or by new counsel.  We note, however, that
PCRA counsel's initial December 3, 2025 letter to Appellant advising him of
his right to proceed *pro se* or with retained counsel improperly stated that
such rights were contingent upon this Court's grant of the petition to withdraw.
Accordingly, on December 30, 2025, this Court entered an order directing
PCRA counsel to revise her letter to Appellant to properly advise him of his
*immediate* right to proceed *pro se* or with retained counsel.  On January 7,
2026, PCRA counsel complied by filing a revised, compliant letter dated
January 2, 2026.  Appellant filed a *pro se* response on January 7, 2026.

Our standard of review is as follows:

When reviewing an order denying a PCRA petition, we examine whether the determination of the PCRA court is supported by the record and free of legal error. We consider the record in the light most favorable to the prevailing party at the PCRA level, and grant great deference to the PCRA court's findings that are supported in the record.

Our standard of review of a PCRA court's legal conclusions, however, is *de novo*.

Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA petition was timely filed. The timeliness requirement for PCRA petitions is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition.

Further, to confirm proper jurisdiction, it is appropriate for an appellate court to consider *sua sponte* the timeliness of a PCRA petition.

The timeliness of a PCRA petition is a question of law, and therefore our standard of review is *de novo* and our scope of review is plenary.

A PCRA petition, including a second or subsequent petition, must be filed within one year of the date that judgment of sentence becomes final. A judgment becomes final for purposes of the PCRA at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

The period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only if the PCRA permits it to be extended, *i.e.*, by operation of one of the statutorily enumerated exceptions to the PCRA time-bar. Additionally, for a second or subsequent PCRA petition, the petitioner must make a strong *prima facie* showing that a miscarriage of justice may have occurred.

*Commonwealth v. Giles*, -- A.3d --, 2026 PA Super 87, at *3-4 (Pa. Super. 2026) (internal citations, quotations and brackets omitted).

Here, Appellant's judgment of sentence became final on September 1, 2022, or 30 days after the date to appeal his August 2, 2022 sentence had expired. *See* 42 Pa.C.S.A. § 9545(b)(3) (A judgment becomes final for purposes of the PCRA "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); *see also* Pa.R.A.P. 903 (Notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken."). Thus, Appellant had one year, or until September 1, 2023, to file a timely PCRA petition. Therefore, Appellant's current PCRA petition, his second, filed on August 25, 2025, is patently untimely.[5]

_____

[5] We recognize that the court resentenced Appellant on July 18, 2023. However, this Court only remanded for resentencing and we did not disturb the underlying convictions. *See Zagata*, 297 A.3d 744, at *4 ("We remand to the trial court to resentence [Appellant] on his stalking and terroristic threats convictions, as our disposition upsets the sentencing court's original sentencing scheme[.]"); *see also Commonwealth v. Lesko*, 15 A.3d 345 (Pa. 2011) (explaining that when defendant is granted a new sentencing hearing, the original judgment of sentence is final for PCRA timeliness purposes except for matters relating to resentencing). Here, Appellant's petition filed on August 25, 2025 alleged only that trial counsel was ineffective in his performance at Appellant's June 2022 trial. Appellant did not assert errors that arose from the sentence imposed by the court on July 18, 2023. *See* Appellant's Second Petition for Collateral Relief, 8/25/2025, at 3. We further note that Appellant's new judgment of sentence, following resentencing, became final on August 17, 2023, upon expiration of his time to file a direct appeal. *See* 42 Pa.C.S.A. § 9545(b)(3); *see also* Pa.R.A.P.
*(Footnote Continued Next Page)*

However, we have stated

> [i]f a PCRA petition is untimely filed, the jurisdictional time-bar can only be overcome if the petitioner alleges and proves one of the three statutory exceptions, as set forth in 42 Pa.C.S.A. § 9545(b)(1). The statutory exceptions are colloquially known as exceptions for governmental interference, a newly-discovered fact, or a newly-recognized constitutional right which applies retroactively. *See* 42 Pa.C.S. § 9545(b)(1). Moreover, [an a]ppellant ha[s] to plead and prove that he filed his petition within one year of the date any claims for application of the statutory time-bar exceptions "could have been presented." 42 Pa.C.S.A. § 9545(b)(2). We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies.

*Giles*, 2026 PA Super 87, at *4 (some quotations and case citations omitted). Moreover, "[i]t is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." *Commonwealth v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005) (citation omitted).

Here, Appellant failed to plead and prove that one of the timeliness exceptions applied to him. In addition, couching his instant claims in terms of trial counsel ineffectiveness does not overcome the one-year jurisdictional timeliness requirement under the PCRA. As such, the PCRA court lacked jurisdiction to entertain Appellant's most recent PCRA petition. Hence, we may not reach Appellant's current collateral claims and the appeal is meritless.

---

903. Thus, even if Appellant's current appellate claims related to his resentencing, the most recent PCRA petition was still untimely as it filed more than one year after Appellant's latest sentence became final.

- 9 -

Furthermore, as Appellant's instant PCRA petition was his second, subsequent PCRA petition, he was required to make a strong *prima facie* showing that a miscarriage of justice may have occurred, but he did not. Accordingly, for all of the foregoing reasons, we have independently considered the issue raised within counsel's **Anders** brief and after further independent review of the entire record, we see nothing that might arguably support this appeal. Hence, we affirm the order dismissing the PCRA petition and grant counsel's petition for leave to withdraw.

Petition for leave to withdraw granted. PCRA order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 06/18/2026